JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PATEL SMOKE INC.; and DOES 1-10 INCLUSIVE,<br><br>    Defendants. | Case No. 5:14−cv−02467 JGB(SPx)<br><br>**STIPULATED CONSENT DECREE FOR PERMANENT INJUNCTION AGAINST DEFENDANT <u>PATEL SMOKE, INC.</u>** |

**JUDGMENT**

**PERMANENT INJUNCTION**

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A.   Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Patel Smoke, Inc. ("Patel Smoke"), alleging that Patel Smoke violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B.   The Parties entered into a settlement agreement as of October 2015 ("Settlement Agreement"), which requires entry of the stipulated consent decree set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   For the purposes of binding preclusive effect on Patel Smoke as to future disputes between Patel Smoke and Sream, and only for such purposes, Patel Smoke admits the following:

   a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.
   b. The RooR Marks are valid and enforceable.
   c. Since at least 2011, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

2.   Patel Smoke, and those acting on Patel Smoke's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the

RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "**Injunction**").

3.  Patel Smoke is bound by the Injunction regardless of whether Mr. Martin Birzle assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Injunction inures to the benefit of Mr. Martin Birzle's successors, assignees, and licensees.

4.  This Court (or if this Court is unavailable, any court within the Central District of California) shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction.

5.  The Parties waive any rights to appeal this stipulated consent decree, including without limitation the Injunction.

6.  Except as it pertains to the Injunction, Patel Smoke shall be dismissed with prejudice from all claims in the Action. The parties shall bear their own attorneys' fees and costs.

IT IS SO ORDERED.

Dated: October 14, 2015

Hon. Jesus G. Bernal
United States District Court Judge